HERMAN ARONS, ASSIGNEE OF JACOB KNIFEL, PLAIN-
TIFF-RESPONDENT, v. MORRIS HABERMAN, DEFEND-
ANT-APPELLANT.

Submitted October 12, 1934—Decided February 6, 1935.

Before Justices LLOYD, CASE and DONGES.

For the plaintiff-respondent, *William L. Greenbaum.*

For the defendant-appellant, *William N. Becker.*

The opinion of the court was delivered by

CASE, J.   Jacob Knifel, on August 29th, 1932, caused a writ to issue out of the First District Court of the city of Newark directing that certain named chattels be replevied from Morris Haberman and another and that these parties answer for the taking and unjust detention. The goods were replevied and re-replevied. Knifel filed his state of demand alleging ownership and right of possession in himself, charging a taking and unlawful detention by the defendants and demanding possession of the goods and damages for their detention. The record of that suit does not disclose the rela-

tions that existed between the parties or the pretended right in which the original taking was grounded and does not indicate that the plaintiff therein abandoned any part of his claim; but it does show that a jury tried the cause and returned a "verdict of possession in favor of the plaintiff and against the defendant with costs," whereupon a judgment to that effect was entered. On Knifel's application the court issued an order directing Haberman to deliver possession. That record remains unaltered and speaks for itself regardless of what the trial judge may say of it in later independent litigation. There was no appeal from the judgment.

The judgments now before us were obtained by Knifel in two subsequent actions brought by him against Haberman in the same court. In the one complaint he alleged that the replevin proceedings had related to chattels which Haberman had, on August 24th, 1932, wrongfully distrained for rent and which Knifel had forthwith replevied and Haberman re-replevied; that at the trial in the replevin suit judgment was awarded to plaintiff for possession but not for the wrongful detention; that Haberman, although ordered to deliver possession, had failed to deliver a portion of the goods and of the balance had negligently permitted some to become unfit for use; wherefore Knifel claimed $500 damages. In the other complaint Knifel alleged lawful possession in himself on August 24th, 1932, of the premises and the goods and that Haberman, under a wrongful charge of rent due, on that day maliciously distrained the goods and padlocked the premises and thus, thenceforward, deprived Knifel of profits that he otherwise would have made from the occupancy of the premises and the use of the chattels; and on this $500 damage was claimed. Defendant moved to dismiss both complaints upon the ground that they embraced items upon which plaintiff was barred by the former adjudication. The court denied the motions and, sitting without a jury, awarded to the plaintiff $200 damages in · each action. Defendant appeals from both judgments, which are now owned by Arons, assignee of Knifel.

The significant fact is that the goods involved in all of

the actions are the same, and that the first of the present actions is to recover the value of those goods, and the second, as emphasized by the proofs, involves an effort to recover for their detention.

Section 127 of the District Court act provides that where the goods are re-replevied, the plaintiff, if he recovers, shall have judgment in damages "as well for the value of the goods and chattels as for taking and detaining them." This section closely duplicates section 10 of the General Replevin statute (3 *Comp. Stat., p.* 4371), passing upon which the Court of Errors and Appeals recently said: "The plaintiff, if he prevails at the trial, is entitled to have the *value* of the goods and chattels and damages for the taking and detaining as well, which may be included in the verdict." *Independent Aetna Sprinkler Corp.* v. *Morris,* 111 *N. J. L.* 457. The suit is turned into an action for the value of the property or for the return of the goods to the plaintiff at the option of the plaintiff. *Nelson* v. *Bock,* 84 *Id.* 123; *Lembeck & Betz Brewing Co.* v. *Tarrant,* 79 *Id.* 372; *Johnson* v. *Mason,* 64 *Id.* 258, 260. If there were irregularities in the pleading or the verdict, or in the judgment itself, in the replevin suit, such are not now before us. Knifel, from several available actions, selected that of replevin and, having made that choice, elected to seek the return of the goods and, as was his right (*Pedrick* v. *Kuemmell,* 74 *Id.* 379, damages for the detention. It is said that those damages, though sued for, were not put to the jury, but that does not appear from the record of the replevin suit; and whether put to the jury or not such a recovery, assuming damages to have been suffered, was an incident to the suit. Having made that election and prosecuted his choice of action to judgment and abided by, and taken the benefit of, that judgment, plaintiff cannot now maintain an independent action to recover that which might have been recovered in the original action. *Kragl* v. *Duerr,* 25 *N. J. L. J.* 202 (wherein Mr. Justice Swayze considered that even exemplary damages could be had in a replevin suit). Plaintiff has, in an action on the bond, a complete remedy for the failure to return (*Hazam* v. *United*

*States Fidelity and Guaranty Co.,* 109 *N. J. L.* 434), or for damage to the adjudicated goods. *Hibler* v. *Young* (Scudder, J.), 15 *N. J. L. J.* 112. The election to sue in replevin operates as a bar to a recovery of damages in an action of trespass. *Duplessis* v. *Moine,* 84 *N. J. L.* 587, quoting 1 *Tidd.* 7, as follows: "Where cattle or goods are wrongfully taken and detained he [plaintiff] may bring trespass *vi et armis* replevin, trover and detinue. But the plaintiff having once made his election, cannot afterwards bring another species of action for the same cause, either whilst the former is pending or after it has been determined."

It is apparent that the judgments under review are based upon actions that in the one instance are wholly, and in the other at least partly, for recoveries that were pertinent to the replevin suit. This being so, it is clear that both judgments should be reversed, and that will be the order. If, in the second suit, designated in the record as No. 173289, the plaintiff considers that in the padlocking of the premises he had a recoverable loss other than the value of the distrained goods and the further damages ensuing from their detention, he may seek an order from the District Court to amend his complaint therein accordingly and to bring that matter on for retrial. Otherwise this determination seems to dispose, finally, of the issues. Costs to the appellant.